UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN D. COLLYMORE,<br><br>Plaintiff,<br><br>v.<br><br>LIEUTENANT ROBERT MCLAUGHLIN, and<br>SUFFOLK COUNTY SHERIFF'S DEPT.<br>Defendants. | Civil Action No.<br>18-10846-LTS |

# ORDER

**SOROKIN, D. J.**

1. Plaintiff Steven D. Collymore's motion to proceed in forma pauperis (ECF No. 2) is hereby <u>DENIED</u> without prejudice because it was apparently not accompanied by a complete certified prison account statement. 28 U.S.C. §1915(a)(2). Collymore does not provide an explanation why he has only provided a partial statement. Without more, the Court cannot evaluate the request. Because Collymore is a prisoner, this action is subject to screening pursuant to 28 U.S.C. § 1915A.[1]

2. This action is hereby <u>DISMISSED</u> with prejudice against defendants Lieutenant Robert McLaughlin and Suffolk County Sheriff's Department ("SCSD") under the doctrine of claim preclusion, pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. "Federal claim preclusion law bars parties from relitigating claims that could have

---

[1] 28 U.S.C. §1915A provides in pertinent part: "The court shall review…a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity…On review, the court shall…dismiss the complaint…if the complaint…fails to state a claim upon which relief may be granted..."

been made in an earlier suit, not just claims that were actually made." Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). "Claim preclusion applies if (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Id. All of the elements are met here. This action is nearly identical[2] to plaintiff's prior action, Collymore v. McLaughlin, 16-10568-LTS, that was dismissed after the Court granted an unopposed motion of to dismiss for failure to prosecute.[3] Collymore v. McLaughlin, 16-10568-LTS, ECF 59, Order Dismissing Case. That dismissal operated as an adjudication on the merits. See Fed. R. Civ. P. 41(b). The parties in this action are either identical or closely related to the parties in the prior action where Lieutenant McLaughlin is an identical party, and SCSD is McLaughlin's employer.[4] Silva v. City of New Bedford, 660 F.3d 76, 80 (1st Cir. 2011)(applying claim preclusion in second action by arrestee against city where claim based upon city police officer's actions in first action). Accordingly, principles of claim preclusion bar this action.

---

[2] The only apparent difference in the current civil action, other than the length of the document in comparison to the prior action, is that Collymore adds Suffolk County Sheriff's Department as a defendant. See Complaint, ECF No. 1, and April 27, 2018 Letter from Collymore to the Court, ECF No. 8 ("I just recently sent over to the Court an entirely new complaint that would this time include the Suffolk County Sheriff's dept. as well as Lt. Robert McLaughlin.").

[3] Collymore had a full and fair opportunity to litigate his claims in that action. On January 25, 2017, Collymore failed to appear at a properly noticed scheduling conference. On April 19, 2017, Lieutenant McLaughlin's counsel filed a motion to dismiss for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). Collymore did not oppose or otherwise respond to the motion. Collymore failed to appear at the May 3, 2017 hearing. The Court allowed the motion to dismiss for failure to prosecute and dismissed the case with prejudice. Since then, Collymore has made multiple requests for this Court to reopen that action which have all been denied, and that action remains closed.

[4] Collymore attempted to amend his complaint in the prior action to add SCSD after the action was dismissed. See Collymore v. McLaughlin, 16-10568-LTS, ECF No. 69. That motion was denied as moot.

4. The Court declines to exercise supplemental jurisdiction over any other claims, if any, pursuant to 28 U.S.C. §1367(c)(3) where any claims over which the Court has original jurisdiction are dismissed.

5. Collymore's motion for appointment of Counsel (ECF No. 3) is <u>DENIED</u> as moot.

6. The Clerk is directed to enter an order of dismissal and close the case.

**SO ORDERED.**

Dated: May 22, 2018
                           /s/ Leo T. Sorokin
                          UNITED STATES DISTRICT JUDGE